June 25, 1992

CLERK OF COURT
SUPREME COURT. CNMI
FILED

92 JUN 25 A10: 38

BY: _____

▮▮▮▮▮▮

IN THE SUPREME COURT OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

IN RE THE MATTER OF        )        APPEAL NO. 91-016
                          )        JUVENILE CASE NO. 91-22
                          )
    "S.S.,"                )
                          )        OPINION
                          )
    A Minor Child.         )
_____)

Argued February 21, 1991

Counsel for Appellant:    Pamela O'Leary Tower
                          Office of the Public Defender
                          Civic Center Complex
                          Saipan, MP  96950

Counsel for Appellee:     Robert C. Naraja
                          Attorney General
                          Maggie Gleason
                          Assistant Attorney General
                          Capitol Hill
                          Saipan, MP  96950

BEFORE:  DELA CRUZ, Chief Justice, VILLAGOMEZ and BORJA, Justices.

BORJA, Justice:

FACTS

A minor child (hereafter sometimes S.S.) appeals the denial of a motion to dismiss a complaint of delinquency under 6 CMC § 5103(a).  The facts are not in dispute.

178

At the time the complaint was filed, S.S. was a 13 year old minor. The charge was theft of a vehicle in violation of 9 CMC § 7102(b), an act that would be a crime if committed by an adult. In the motion to dismiss, the minor child argued that the juvenile court lacked jurisdiction under 6 CMC § 5103(a) because the minor child was 13 years of age. The argument is premised on 6 CMC § 253. The minor child contended that the juvenile court had jurisdiction only under 6 CMC § 5103(b), (c), or (d).

When the trial court denied the motion, the minor child entered a conditional admission to the complaint under Rule 11(a)(2), Com.R.Cr.P. There was a specific reservation by the minor child that the admission was conditioned on the right to appeal the denial of the motion to dismiss.

## ISSUE

The sole issue on appeal is whether a child under the age of 14 can be adjudicated a delinquent child under 6 CMC § 5103(a), in view of 6 CMC § 253.

## STANDARD OF REVIEW

Interpretations of statutes are subject to de novo review. Nansay Micronesia Corp. v. Govendo, No. 90-040 (N.M.I. Feb. 28, 1992).

## ANALYSIS

6 CMC § 5103 states that:

As used in this Division,

179

"delinquent child" includes any juvenile:

(a) Who violates any Commonwealth law, ordinance, or regulation while under the age of 18; provided that a juvenile 16 years of age or older, accused of a traffic offense, murder, or rape shall be treated in the same manner as an adult.

(b) Who does not subject himself or herself to the reasonable control of his or her parents, teachers, guardian, or custodian, by reason of being wayward or habitually disobedient; or

(c) Who is a habitual truant from home or school; or

(d) Who deports himself or herself so as to injure or endanger his or her morals or health or the morals or health of others.

6 CMC § 253 provides that

Children under the age of 10 are conclusively presumed to be incapable of committing any crime. Children between the ages of 10 and 14 are also conclusively presumed to be incapable of committing any crime, except the crimes of murder and rape, in which case the presumption is rebuttable. The provisions of this section, however, do not prevent proceedings against and the disciplining of any person under 18 years of age as a delinquent child.

S.S. argues that § 253 must be interpreted to mean that a minor child can never be adjudicated a delinquent child under § 5103(a). Section 253 states that a child between the ages of 10

and 14 is conclusively presumed to be incapable of committing any crime, other than the crimes of murder or rape. Because S.S. was only 13 at the time of the incident, an incident that would be a crime if committed by an adult, S.S. contends that § 253 mandates that the child cannot be adjudicated a delinquent child under § 5103(a). S.S. maintains that the two statutory provisions must be read together. S.S. admits that subsections (b), (c), or (d) of section 5103 would still be available to the government to adjudicate such a child as a delinquent child.

The government, on the other hand, argues that the defense of infancy under § 253 has no application to § 5103. It argues that § 253 applies to criminal proceedings and not to juvenile proceedings. The two statutory provisions cannot be read together. It cites to § 5104 for its argument that, "an adjudication that a person is a delinquent child does not constitute a criminal conviction."

We agree with the interpretation of the government.

■ The common law defense of infancy states that children under the age of 7 could not be held responsible for criminal conduct. Between the ages of 7 and 14, common law states there is a rebuttable presumption that children are incapable of criminal acts. 21 Am.Jur.2d <u>Criminal Law</u>, § 38 (1981).

The common law defense is different from our statute. Section 253 states that there is a conclusive presumption that a child under 10 is incapable of committing any crime. Between the

181

ages of 10 and 14, there is also a conclusive presumption for all crimes, except murder and rape. Therefore, the common law defense has been modified by statute in our commonwealth. Most jurisdictions in the United States have also modified the common law defense by either raising the age of the presumption, or by making the presumption rebuttable, or both. For example, in California, the presumption that a child under 14 is incapable of committing any crime can be rebutted by clear proof. Cal. Penal Code § 26 (West 1988). Our statute makes it rebuttable only as to the crimes of murder and rape.

The two statutory provisions must be read separately. Section 5103 is not inconsistent with section 253. They are two different laws that apply in two different settings. Section 5103 deals with juvenile proceedings. Section 253 deals with criminal proceedings.

An additional argument for separate applications of the two statutory provisions is that there is no difference in consequence in an adjudication under any of the subsections. A child adjudicated a delinquent under subsection (a) would not necessarily get a harsher disposition than a child adjudicated a delinquent under any other subsection. There is no existing statutory provision making the disposition of an adjudication under subsection (a) different from a disposition under any of the other subsections.

At oral argument, the parties gave opposing views on the

182

practical consequences. We are persuaded by the arguments of the government. There is no practical difference whether a minor child is adjudged a delinquent child because of the commission of an act that would be a crime if committed by an adult under subsection (a), or under one of the other subsections. For example, even if a child was charged under subsection (d), i.e., "deports himself or herself so as to injure or endanger his or her morals . . ." because he or she stole a television set from a store, the record would still have to reflect that the child stole a television set. The minor has to know the basis of the charge to satisfy due process. The court has to know the basis to determine the appropriate disposition to make. This basis would be the same as if subsection (a) had been used.

## CONCLUSION

The denial of the motion to dismiss was not erroneous. The adjudication of S.S. as a delinquent child under 6 CMC § 5103(a) is **AFFIRMED**.

_____
Ramon G. Villagomez
Justice

_____
Jesus C. Borja
Justice

183

DELA CRUZ, Chief Justice, Concurring:

I concur in the judgment to affirm the order denying the minor's motion to dismiss the complaint of delinquency grounded on 6 CMC § 5103(a). The first basis for affirming the denial, i.e. that the defense of infancy is a defense available to a minor in a criminal proceeding and is not available in juvenile proceedings, is, I believe, the appropriate basis for affirmance. I have some difficulty accepting the second reason noted: that since there is no practical consequences as to disposition between a delinquency adjudication brought under § 5103(a) and one brought under § 5103(b) to (d), therefore, the defense of infancy, even if available, would make no difference in a juvenile proceeding.

It is true that our jurisdiction does not have a statute setting forth the types of disposition that our juvenile court may make between delinquency adjudications made under § 5103(a) and those made under § 5103(b) to (d); but the absence of a statute relating to the types of dispositions that may be taken under each of those provisions have no relevance as to whether the infancy defense under § 253 is available or not in a juvenile delinquency proceeding brought under § 5103(a). The defense of infancy is a criminal law defense available to minors charged with a crime, not a defense available in juvenile proceedings.

While it is true that the underlying delinquency act under § 5103(a) is based on an act or conduct prohibited by our criminal laws, that fact does not make the proceeding a criminal

184

matter so as to avail a minor of the defense. If it were, then the proceeding would be criminal, rather than juvenile.

_Jose S. Dela Cruz, Chief Justice_